# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JONATHAN CROMP,

                Plaintiff,

     v.

B. CONWAY,

                Defendant.

_____/

CASE NO. 1:10-cv-00802-LJO-BAM PC

FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

(ECF Nos. 25, 30, 31)

THIRTY-DAY DEADLINE

## I.    Procedural History

Plaintiff JONATHAN CROMP ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the complaint, filed May 10, 2010, against Defendant Conway for deliberate indifference to medical needs in violation of the Eighth Amendment. On October 6, 2011, Defendant filed a motion to dismiss Plaintiff's official capacity and state law claims. Plaintiff filed an objection on October 31, 2011, and Defendant filed a reply on November 2, 2011.

## II.    Complaint Allegations

Plaintiff had knee surgery on July 23, 2007. On July 24, 2007, Plaintiff's knee was swollen and painful. Plaintiff alleges that Defendant Conway examined his knee and told him nothing was wrong with it and to get back in his cell. The swelling and pain worsened and on July 25, 2007, Defendant Conway again examined his knee and told him that nothing was wrong. On July 28, 2007, Plaintiff was seen by a physician who examined the knee and sent Plaintiff to the hospital

1

where he was diagnosed with advanced gangrene.

## II.   Motion to Dismiss

### A.   Legal Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). However, the court may properly consider matters subject to judicial notice and documents incorporated by reference in the pleading without converting the motion to dismiss to one for summary judgment. U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Additionally, the court is to "construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Hebbe, 627 F.3d at 342.

### B.   Discussion

On March 1, 2011, the complaint was screened and the court found that Plaintiff stated a cognizable claim against Defendant Conway for deliberate indifference to serious medical needs. However, the order did not address Plaintiff's official capacity or state law claims. A review of the complaint reveals that Plaintiff did bring this action against Defendant in her official and individual capacities and alleged Plaintiff had exhausted all state claims as to the California Victim Compensation and Government Claims Board for a gross negligence claim under state law.

#### 1.   Official Capacity Claim

Defendant argues that Plaintiff's official capacity claims should be dismissed because she is immune from damages in her official capacity. Plaintiff argues that, while his claim for monetary relief is barred by the Eleventh Amendment, his claim for declaratory relief is not barred against Defendant in her official capacity. Defendant replies that since Plaintiff is not seeking injunctive

1   relief the official capacity claims should be dismissed.

2   "The Eleventh Amendment bars suits for money damages in federal court against a state, its

3   agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety,

4   488 F.3d 1144, 1147 (9th Cir. 2007). A suit brought against prison officials in their official capacity

5   is generally equivalent to a suit against the prison itself. McRorie v. Shimoda, 795 F.2d 780, 783

6   (9th Cir. 1986). Therefore, prison officials may be held liable if "'policy or custom' . . . played a part

7   in the violation of federal law." McRorie, 795 F.2d at 783 (quoting Kentucky v. Graham, 473 U.S.

8   159, 166, 105 S. Ct. 3099, 3105 (1985). In this instance Plaintiff has not alleged a policy or custom

9   played a part in the violation of his rights and the complaint fails to state a claim against Defendant

10  Conway in her official capacity.

11  To the extent that Plaintiff is attempting to obtain a declaratory judgment against Defendant

12  Conway, "[a] declaratory judgment, like other forms of equitable relief, should be granted only as

13  a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood

14  Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve

15  a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings

16  and afford relief from the uncertainty and controversy faced by the parties." United States v.

17  Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the

18  jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional

19  rights were violated. Accordingly, a declaration that Defendant Conway violated Plaintiff's rights

20  is unnecessary and the declaratory relief and official capacity claims should be dismissed from this

21  action.

22  **2.    State Law Claims**

23  Defendant argues that Plaintiff's state law claim should be dismissed for failure to comply

24  with the Government Tort Claim Act. The incident alleged occurred on July 23, 2007, and

25  Plaintiff's tort claim was submitted on or about January 28, 2008. Plaintiff's claim was rejected on

26  March 28, 2008, and he had to file his complaint within six months from the date of rejection.

27  Plaintiff did not file this action until May 10, 2010, over one and a half years late.

28  Plaintiff requests that the Court take judicial notice of the declaration of Jeremy Reinmiller

3

1   which is attached to the motion to dismiss.  Plaintiff argues that he was timely in filing his complaint

2   under the Prison Litigation Reform Act and since the state law conflicts with federal law, federal law

3   should govern the timeliness of his claims.  Additionally, the statute of limitations does not run while

4   he was pursing his prison grievance.

5          The Government Tort Claims Act requires that a tort claim against a public entity or its

6   employees be presented to the California Victim Compensation and Government Claims Board,

7   formerly known as the State Board of Control, no more than six months after the cause of action

8   accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2010).  Presentation of a

9   written claim, and action on or rejection of the claim are conditions precedent to suit.  State v.

10  Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1240 (2004); Shirk v. Vista Unified

11  School District, 42 Cal.4th 201, 209 (2007).  Compliance with the Tort Claims Act is an element of

12  the cause of action, Bodde, 32 Cal.4th at 1240, is required, and "failure to file a claim is fatal to a

13  cause of action." Hacienda La Puente Unified School Dist. Of Los Angeles v. Honig, 976 F.2d 487,

14  495 (9th Cir. 1992); City of San Jose v. Superior Court, 12 Cal.3d 447, 454 (1974).  "California

15  statutes or ordinances which condition the right to sue the sovereign upon timely filing of claims and

16  actions are ... *elements of the plaintiff's cause of action* and conditions precedent to the maintenance

17  of the action." Bodde, 32 Cal.4th at 1240 (quoting Williams v. Horvath, 16 Cal.3d 834, 840 (1976).

18         Pursuant to California Government Code Section 945.6(a)(2) an action must be commenced

19  within six months of the date of the written notice is personally delivered or deposited in the mail.

20  A suit is commenced by filing a complaint with the court, Cal. Code Civ. P.§ 411.10, and the fact

21  that a plaintiff is imprisoned does not toll the statute of limitations for commencing a government

22  tort claim action, Cal. Code Civ. P. § 352.1(b); Moore v. Twomey, 120 Cal.App.4th 910, 914 (2004).

23         Defendant has submitted a declaration from the custodian of records for the Victim's

24  Compensation Government Claims Board which includes the rejection letter sent to Plaintiff

25  regarding the incidents alleged in the complaint.[1]  In his complaint Plaintiff alleges compliance with

26

27         [1] Plaintiff requests that the court take judicial notice of the letter.  While the letter is not a matter subject to
    judicial notice, under the doctrine of incorporation by reference, a court may consider a document provided by the
28  defendant which was not attached to the pleading if the plaintiff refers to the document extensively or if it forms the
    basis of the plaintiff's claim.  Ritchie, 342 F.3d at 908; also Daniels-Hall, 629 F.3d at 998.

1   the Government Tort Claims Act, which is an element of his state law claims.  Bodde, 32 Cal.4th

2   at 1240.  The parties do not dispute that Plaintiff's notice of rejection by the Victim Compensation

3   and Government Claims Board was dated March 28, 2008.  Plaintiff argues that the six month period

4   to file was tolled during the pendency of the prison grievance process.  Plaintiff alleges that he filed

5   his appeal on September 5, 2007, and the Director's Level response was not issued until January 12,

6   2010.

7   	Whether an inmate is entitled to equitable tolling is decided by state law except to the extent

8   that it is inconsistent with federal law.  Jones v. Blanas, 393 F.3d 918, 927 (2004).  Under California

9   law, equitable tolling is available where there has been "timely notice, and lack of prejudice, to the

10  defendant, and reasonable and good faith conduct on the part of the plaintiff."  Daviton v.

11  Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1133 (9th Cir. 2001) (quoting Addison v. State

12  of California, 21 Cal.3d 313, 319 (1978)).  Equitable tolling applies "to suspend or extend a statute

13  of limitations as necessary to ensure fundamental practicality and fairness."  Jones, 393 F.3d at 927

14  (quoting Lantzy v. Centex Homes, 31 Cal.4th 363, (2003)).  Application of equitable tolling

15  "requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the

16  effect upon the important public interest or policy expressed by the . . . limitations statute."  Jones,

17  393 F.3d at 927 (quoting Lantzy, 31 Cal.4th at 660)).

18  	California law applies equitable tolling to the Government Tort Claim Act six month filing

19  period in special situations to avoid the "harsh impact of technical rules which might otherwise

20  prevent a good faith litigant from having a day in court."  Addison, 21 Cal.3d at 316.  "[W]henever

21  exhaustion of administrative remedies is a prerequisite to a civil action the running of the limitations

22  period is suspended during the administrative proceedings," Addison, 21 Cal. 3d at 318; Collier v.

23  City of Pasadena, 142 CalApp.3d 917, 923 (1983), and California courts have found that the time

24  in which the litigant reasonably pursues his administrative remedies is excluded from the six month

25  time limit for filing a court action after the government tort claim is rejected by the Victim

26  Compensation and Government Claims Board, Wright v. State, 122 Cal.App.4th 659, 670 (2004).

27  	However, "California's fact-intensive test for equitable tolling is more appropriately applied

28  at the summary judgment or trial stage of litigation."  Cervantes v. City of San Diego, 5 F.3d 1273,

1  1276 (9th Cir. 1993).   The California Department of Corrections and Rehabilitation has an

2  administrative grievance system for prisoner complaints.  Cal. Code Regs., tit. 15 § 3084.1 (West

3  2009).  The process is initiated by submitting a CDCR Form 602.  *Id.* at § 3084.2(a).  At the time

4  of the incidents alleged in the complaint appeals had to be submitted within fifteen working days of

5  the event being appealed, and the process is initiated by submission of the appeal to the informal

6  level, or in some circumstances, the first formal level.  *Id.* at §§ 3084.5, 3084.6(c).  Determining if

7  Plaintiff's notice was timely requires a "practical fact-specific analysis," Cervantes, 5 F.3d at 1276

8  n.3, and depends on matters outside the pleading so it is not amenable to resolution on a Rule

9  12(b)(6) motion, Supercargo, Inc. V. United States, 68 F.3d 1204, 1206 (9th Cir. 1995).

10  Accordingly, it is recommended that Defendant's motion to dismiss Plaintiff's state law claims be

11  denied, without prejudice.

12  **III.   State Law Claims**

13       In his complaint Plaintiff brings this action against Defendant Conway for gross negligence

14  under state law.  There is not a separate, recognized cause of action for gross negligence under

15  California law.  See Martinez v. United States, __ F.Supp.2d __, 2010 WL 3895602, * 8 (C.D. Cal.

16  2010); Allen v. Woodford, Nos. 1:05-CV-01104-OWW-LJO, 1:05-CV-01282-OWW-WMW, 2006

17  WL 3762053, *15 (E.D. Cal. Dec. 20, 2006) (citing Continental Ins. Co. v. American Prot. Indust.,

18  197 Cal.App.3d 322, 329, 242 Cal.Rprt. 784, 788 (1987)) ("in light of the adoption of the doctrine

19  of comparative negligence in California, any attempt to categorize gross negligence separately from

20  ordinary negligence is unnecessary); Saenz v. Whitewater Voyages, Inc., 226 Cal.App.3d 758, 766

21  n.9 (1990) ("California does not recognize a distinct cause of action for gross negligence independent

22  of a statutory basis.").

23       A public employee is liable for injury "proximately caused by his negligent or wrongful act

24  or omission."  Cal. Gov't Code § 844.6(d) (West 2009).  Under California law "[t]he elements of

25  a negligence cause of action are: (1) a legal duty to use due care; (2) a breach of that duty; (3) the

26  breach was the proximate or legal cause of the resulting injury; and (4) actual loss or damage

27  resulting from the breach of the duty of care."  Brown v. Ransweiler, 171 Cal.App.4th 516, 534 (Ct.

28  App. 2009).

"The elements of a medical malpractice claim are (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and resulting injury; and (4) actual loss or damage resulting from the professional's negligence." <u>Avivi v. Centro Medico Urgente Medical Center</u>, 159 Cal.App.4th 463, 468, n.2 (Ct. App. 2008) (internal quotations and citation omitted); <u>Johnson v. Superior Court</u>, 143 Cal.App.4th 297, 305 (2006). Accordingly, this action should be treated as one for medical malpractice or medical negligence.

**IV.    Conclusion and Recommendation**

Based on the foregoing it is HEREBY RECOMMENDED that:

1.      Defendant's motion to dismiss, filed October 6, 2011, be DENIED IN PART and GRANTED IN PART as follows:

    a.      Defendant's motion to dismiss Plaintiff's official capacity claim be GRANTED;

    b.      Defendant's motion to dismiss Plaintiff's state law claims be DENIED, without prejudice;

2.      Plaintiff's request for declaratory relief be DISMISSED as unnecessary; and

3.      This action proceed on the complaint filed May 10, 2010, against Defendant Conway, in her individual capacity, for deliberate indifference in violation of the Eighth Amendment and medical negligence under state law for damages.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time

///
///
///
///

may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

      IT IS SO ORDERED.

**Dated:**   **February 6, 2012**                **/s/ Barbara A. McAuliffe**
                                                 UNITED STATES MAGISTRATE JUDGE