1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   JONATHAN CROMP,                                    CASE NO. 1:10-cv-00802-LJO-BAM PC

10                          Plaintiff,                 ORDER GRANTING PLAINTIFF'S MOTION
                                                       FOR LEAVE TO FILE AN AMENDED
11          v.                                         COMPLAINT AND DENYING PLAINTIFF'S
                                                       MOTION TO REOPEN DISCOVERY
12   B. CONWAY,
                                                       (ECF Nos. 36, 37)
13                          Defendant.
                                                  /    THIRTY DAY DEADLINE
14

15   **I.    Background**

16          Plaintiff Jonathan Cromp ("Plaintiff") is a state prisoner proceeding pro se and in forma

17   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on

18   complaint, filed May 10, 2010, against Defendant Conway for deliberate indifference in violation

19   of the Eighth Amendment.  On October 7, 2011, an order issued opening discovery and setting the

20   discovery cut-off date for June 7, 2012, and the amended pleading deadline as April 7, 2012.  (ECF

21   No. 27.)  On June 14, 2012, Plaintiff filed a motion to amend his complaint and a motion to reopen

22   discovery.  (ECF No. 36, 37.)

23   **II.   Motion to Amend Complaint**

24          Plaintiff moves to file an amended complaint under Federal Rule of Civil Procedure 15,

25   because during his deposition which, was taken on May 24, 2012, he discovery that the incident set

26   forth in the complaint occurred in August 2007, rather than July 2007, as alleged.  Under Rule 15(a)

27   of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of

28   course at any time before a responsive pleading is served.  Otherwise, a party may amend only by

leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a).  "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.

Here, Plaintiff's allegations concern a medical appointments in which he alleges Defendant Conway failed to adequately respond to his serious medical condition.  Since Defendant has access to Plaintiff's medical records, the actual dates of the visit at issue in this action would be within her knowledge, and the Court finds that there will be no prejudice by allowing Plaintiff to file his amended complaint.  Plaintiff's amendment is not sought in bad faith but due to his error in drafting the complaint.  The dispositive motion deadline is August 16, 2012, and granting the motion to amend should not cause any delay in the proceedings.  If Defendant needs additional time to prepare a dispositive motion based upon the corrected date of the incident, she can file a motion to modify the scheduling order prior to August 16, 2012.

In this instance, a scheduling order has issued and the deadline to file an amended pleading has passed.  Therefore, Plaintiff's motion to for leave to amend requires a showing of good cause to modify the scheduling order.  Fed. R. Civ. P. 16(b).  Since Plaintiff was unaware of the error in his complaint prior to the deadline to amend the pleadings, the Court finds good cause exists to grant Plaintiff's motion.  Accordingly, Plaintiff motion to file an amended complaint shall be granted.

**II.    Motion to Reopen Discovery**

Plaintiff has also filed a motion to reopen discovery because he did not conduct any discovery during the dates that discovery was open.  As previously stated, modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

1    Discovery in this action opened on October 7, 2011, and Plaintiff made no effort to conduct

2  discovery during the eight months that discovery was open.  Additionally, Plaintiff failed to file his

3  motion to reopen discovery until June 10, 2012, three days after the discovery deadline had passed.[1]

4  Plaintiff has failed to show diligence in attempting to comply with the scheduling order and to allow

5  a modification of the scheduling order without good cause would render scheduling orders

6  essentially meaningless, and directly interfere with courts' attempts to manage their dockets and with

7  the standard course of litigation in actions such as this.  Johnson, 975 F.2d at 610 ("A scheduling

8  order is not a frivolous piece of paper, idly entered . . . ." (internal quotations and citation omitted)).

9  Therefore, Plaintiff's motion to reopen discovery shall be denied.

10  **III.    Order**

11    Based on the foregoing, IT IS HEREBY ORDERED that:

12    1.    Plaintiff's motion for leave to file an amended complaint is GRANTED;

13    2.    Within thirty days from the date of service of this order, Plaintiff shall file an

14       amended complaint for the sole purpose of amending the date of the incident alleged

15       in the complaint; and

16    3.    Plaintiff's motion to reopen discovery is DENIED.

17    IT IS SO ORDERED.

18  **Dated:    June 18, 2012**          **/s/ Barbara A. McAuliffe**
                                    UNITED STATES MAGISTRATE JUDGE

---

[1]The prison mailbox rule applies to the filings of inmates in § 1983 actions.  Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).  Plaintiff's documents are considered filed at the time that he delivered them to prison authorities to be forwarded to the clerk of the court.  Douglas, 567 F.3d at 1106.  Pursuant to the prison mailbox rule, Plaintiff's motion was filed on June 10, 2012.