# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CROMP, | CASE NO. 1:10-cv-00802-LJO-BAM PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO PROSECUTE |
| v. | |
| B. CONWAY, | (ECF No. 40) |
| Defendant. | TEN DAY DEADLINE |

Plaintiff Jonathan Cromp ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the complaint, filed May 10, 2010, against Defendant Conway for deliberate indifference in violation of the Eighth Amendment. On August 2, 2012, an order issued for Plaintiff to show cause within twenty days why this action should not be dismissed for failure to prosecute. (ECF No. 40.) More than twenty days have passed and Plaintiff has not responded to the Court's order. Plaintiff was warned that the failure to file a response to the order to show cause would result in dismissal of the action, with prejudice, for failure to obey the Court's order.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability

of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending for more than two years.  Plaintiff is obligated to comply with the Federal Rules of Civil Procedure, the Local Rules, and court orders.  Plaintiff did not conduct any discovery during the discovery phase and failed to file an amended complaint after being granted leave to amend. Plaintiff then failed to comply with the order requiring him to respond to the order to show cause. The Court cannot effectively manage its docket if a party ceases litigating the case.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to comply the Court's order that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court and the State of California from further unnecessary expenditures of their scare resources. Plaintiff is proceeding pro se and is a prisoner, making monetary sanctions likely of little use, and given this stage of the proceedings, the preclusion of evidence or witnesses is likely to have no effect on a plaintiff who did not conduct any discovery and has ceased litigating the case.

Finally, because public policy favors disposition on the merits, this factor usually weighs against dismissal.  Id. at 643.  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," as is the case here. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotations and citations omitted).

1    Based on Plaintiff's failure to comply to with or otherwise respond to the Court's order, the
2 Court is left with no alternative but to dismiss the action for failure to prosecute. In re PPA, 460
3 F.3d at 1228. This action, which has been pending since 2010, can proceed no further without
4 Plaintiff's cooperation and compliance with court orders, and the action cannot simply remain idle
5 on the Court's docket, unprosecuted. Id. Accordingly, the Court HEREBY RECOMMENDS
6 dismissal of this action, with prejudice.

7    These findings and recommendations will be submitted to the United States District Judge
8 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **ten (10) days**
9 after being served with these findings and recommendations, the parties may file written objections
10 with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and
11 Recommendations." The parties are advised that failure to file objections within the specified time
12 may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
13 1991).

15    IT IS SO ORDERED.

16 **Dated:   September 13, 2012**             /s/ **Barbara A. McAuliffe**
                                               UNITED STATES MAGISTRATE JUDGE